GARRETT, Judge.
Appellants claim several errors occurred in their automobile accident trial. We address one issue, but find no merit as to any of the remaining issues.
Appellant Robert Fletcher testified that physical and mental injuries caused him to quit his job as a mechanic with Dependable Dodge. On cross examination, defense counsel asked appellant Janice Fletcher about her husband’s ability to work at Dependable Dodge.
Q. Let me ask you to look at this form from Dependable Dodge. Have you ever seen that before?
A. No, sir.
Q. That has not been shown to you during the course of this lawsuit?
A. No, sir.
[Exhibit marked for Identification].
Q. Is it your understanding that your husband was not doing his job satisfactorily at Dependable Dodge?
A. That was my understanding.
Q. Is it your understanding that your husband was irritable and having personality problems when he was working at Dependable Dodge?
A. Yes, sir.
*617 Q. Let me ask you to read this entire section and tell me, ma’am, whether this comment on whether he was doing his work satisfactorily, whether he was a fine worker and a good mechanic, and whether he got along good and had no problems, not any type of problems with co-workers and supervisors. Is that what that says?
A. That’s what it mainly says, yes, sir.
Q. Mainly says — Why don’t you read it to the jury?
A. Says.
[At this point, objections were made by appellants’ counsel on the grounds of lack of proper predicate and hearsay. The trial judge overruled the objections.]
Q. Read it to the jury, please, ma’am.
A. Says “Above-named claimant quit his job with Dependable Dodge because, as he explained, he was going back to school to take courses in something, which I don’t know what was it. While he worked at Dependable Dodge his work was satisfactory. He was a fine worker and very good mechanic. While there he never had any type of problems with management or co-workers.”
Q. Is that form dated, ma’am.
A. Yes.
Q. What is the date of that form?
A. 3/7/87 but there is, nobody signed it down that I can read. Signature of office manager.
Over appellants’ renewed objections, the document itself was later introduced into evidence.
We reverse. The document was hearsay evidence. § 90.801(l)(a) and (c), Fla.Stat. (1985). The author of the document did not testify at trial. See § 90.801(2), Fla.Stat. (1985). Before appellants made their hearsay objection during Mrs. Fletcher’s cross examination, other than a comment by defense counsel, the document had not even been connected to Dependable Dodge. Because no records custodian testified at trial, the document never qualified as admissible evidence under the business record exception to the hearsay rule. See § 90.803(6)(a), Fla.Stat. (1985). Appellee argues that the document was admissible because it had been used to cross examine several expert witnesses. Appellants dispute such use, but in any event, an expert cannot serve as a conduit for placing inadmissible evidence before a jury. See Sikes v. Seaboard Coast Line Railroad, 429 So.2d 1216, 1222-3 (Fla. 1st DCA), pet. for rev. denied, 440 So.2d 353 (Fla.1983), appeal after remand, 487 So.2d 1118 (Fla. 1st DCA), rev. denied, 497 So.2d 1218 (Fla.1986).
We hold that the trial judge erred by overruling appellants’ objection to any further cross examination of Mrs. Fletcher concerning the document. Also, the admission of the document was error. We find that the cumulative errors materially affected the outcome of the trial.
Accordingly, we reverse the final judgment and remand for a new trial.
ANSTEAD and POLEN, JJ., concur.